UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Lamar Roberson, # 191327,<br><br>Plaintiff,<br><br>vs.<br><br>Kela E. Thomas, South Carolina Department of Corrections Commissioner;<br>Anthony J. Padula, Lee Correctional Institution Warden;<br>Major James C. Dean;<br>Lieutenant A. Davis;<br>William Byars, Jr., SCDC Director;<br>Lieutenant E. Mims;<br>Sergeant B. Cook;<br>Captain Sharon Patterson;<br>Captain Angela Brown;<br>Leroy Cartledge;<br>Ms. A. Glidewell, Captain DHO of SCDC;<br>Ms. Fuller, Lee CI LPN, and<br>Sgt A. Wideman,<br><br>Defendants. | C/A No. 2:11-3114-CMC-BHH<br><br>Report and Recommendation<br>(Partial Summary Dismissal) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at the McCormick Correctional Institution. In the Amended Complaint filed in this case (ECF No. 15), which is made up of Plaintiff's recent submission of a document captioned "Joinder of Parties" and the original Complaint (ECF No. 1), he alleges that Defendants Dean, Davis, Mims, and Cook used excessive force and violated the South

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Carolina Department of Corrections' (SCDC) gas munitions usage policy. Plaintiff alleges that they participated in several incidents during which he was beaten up and unnecessarily gassed in retaliation for Plaintiff's filing of grievances against them and other SCDC officials and employees and for Plaintiff's prosecution of several other lawsuits against them and/or other SCDC officials and employees.

The Amended Complaint also contains conclusory allegations of unspecified wrongdoing by unnamed "Defendants" in connection with certain allegedly "false" disciplinary violation prosecutions against Plaintiff and inadequate medical care that Plaintiff received. Throughout his pleadings, other than the specific references to seven corrections officers: Dean, Mims, Cook, Avens, Davis, Cain, and Pleamans, who allegedly participated in six instances of allegedly excessive force (Feb. 22, 2007; Dec. 22, 2007; March 21, 2010; March 25, 2010; May 24, 2010, and Jan. 6, 2011), Plaintiff uses only the collective term "Defendants" when he claims that someone engaged in retaliation, excessive force, gross negligence, and medical indifference against him.[2] While Plaintiff does name nine additional SCDC officials and employees as Defendants in this case (in addition to Dean, Mims, Cook, and Davis), he does not allege any specific wrongdoing by any of these other Defendants, nor does he allege that any of them had specific knowledge of the activities of Dean, Mims, Cook, and Davis. Plaintiff asks the Court for injunctive and declaratory relief in addition to compensatory and punitive damages.

---

[2] Despite Plaintiff's specific references to them as perpetrators of excessive force within the body of his initial pleading, neither Officer Avens, Cain, nor Pleamans are named as Defendants.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Amended Complaint filed in this case is subject to partial summary dismissal as to nine Defendants under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Analysis

The Amended Complaint should be partially dismissed as to Defendants Thomas, Padula, Byars, Patterson, Brown, Cartledge, Glidewell, Fuller, and Wideman because there are no allegations of any specific personal wrongdoing on any of these Defendants' parts. Plaintiff uses the collective term "Defendants" to claim that he is being or has been subjected to cruel and unusual punishment and medical indifference while in SCDC custody, but he does not say which Defendant did or omitted to do what. Collective terms are not sufficient to name any "person" who might be potentially liable to Plaintiff under 42 U.S.C. § 1983,[3] the only basis evident from the face of the pleadings on which this Court can exercise its subject-matter jurisdiction over any part of Plaintiff's Amended Complaint.

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City*

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

4

*Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the collective term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Furthermore, a plaintiff asserting a § 1983 claim against any particular public official must allege a "causal connection" or "affirmative link" between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985). A plaintiff, such as Plaintiff is this case, suing government officials in their individual capacities and thereby seeking to hold them official personally liable must show that the official *personally caused* or *played a role in causing* the deprivation of a federal right complained of. *See Graham*, 473 U.S. at 166. As stated above, other than naming several correctional officers who allegedly committed excessive force on him, Plaintiff does not specifically name any of the other Defendants in connection with any of his other allegations of supposed wrongdoing by SCDC personnel. His use of the collective term "Defendants" throughout his pleading is similar to the use of other collective terms such as "staff," which has been found inadequate to name a specific person or to hold anyone liable under § 1983. *Barnes v. Baskerville Corr. Cen. Med. Staff*. Also, the conclusory nature of the major portion of Plaintiff's allegations (everything except his discussion about the alleged excessive force episodes) provide no factual information about dates, times, or places where the Plaintiff's problems allegedly occurred, much less about who personally caused the problems. As a result, the Amended Complaint is frivolous as to the individuals named as Defendants but not specifically referenced in

5

connection with any specific claim of wrongdoing contained in the body of the Amended Complaint.

Moreover, to the extent that Plaintiff seeks to hold Defendants SCDC Director Byars, Wardens Padula or Cartledge, or any other supervisor responsible under the doctrine of vicarious liability for the wrongdoing of one or more of the persons over whom they exercise supervisory authority,[4] Plaintiff's allegations are far too conclusory and lacking in detail about any first-hand knowledge or personal involvement on the part of the supervisors of the alleged wrongdoing of their employees to avoid the general prohibition against vicarious liability in § 1983 actions. Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Amended Complaint from dismissal for frivolity in this case.

The *Slaken* exception is not adequately pled in this case, even under a very liberal construction of Plaintiff's allegations, because there are no allegations to the effect that any of the supervisory Defendants were aware of the allegedly unconstitutional activities of the few named officers, nor are there allegations that any named supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive

---

[4]Although Plaintiff does not state what, if any, professional relationship any of the Defendants may or may not have with any unnamed individual who might have personally violated the United States Constitution in their dealings with Plaintiff, it can be judicially noticed that both Defendants Byars, Padula, and Cartledge could be considered "supervisors" with respect to SCDC employees and/or officers employed at SCDC headquarters, Lee Correctional Institution, and/or McCormick Correctional Institution.

6

[practices],' " 737 F.2d at 373 (emphasis added), as required to state a viable claim of supervisory liability in § 1983 cases. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994). In the absence of allegations of individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on the part of the majority of the named Defendants, Plaintiff's Amended Complaint is both frivolous and fails to state a claim on which relief can be granted as to any "Defendant" *except Dean, Mims, Cook, and Davis. See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

### **Recommendation**

Accordingly, it is recommended that the District Court partially dismiss the Amended Complaint in this case *without prejudice* as to all Defendants except Dean, Mims, Cook, and Davis. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Amended Complaint should be served on Defendants Dean, Mims, Cook, and Davis. Plaintiff's attention is directed to the important notice on the next page.

                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

February 15, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).